UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEAN KYLE MARTIN,<br><br>               Plaintiff,<br><br>    v.<br><br>H. FERNANDEZ, Mailroom Employee, B. LONGINO, Mailroom Employee, JOHN DOE, Publication Review Committee (Chair), and TRACEY SCHNIDER, HQ Correctional Manager,<br><br>               Defendants. | NO. 2:21-CV-0278-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 20). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 20) is DENIED.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER OR PRELIMINARY INJUNCTION ~ 1

## BACKGROUND

This matter concerns *pro se* Plaintiff Sean Kyle Martin's allegations that Defendants violated his constitutional rights by delaying and ultimately denying delivery of a publication sent to Plaintiff. ECF No. 18. Plaintiff filed the operable Amended Complaint on January 27, 2022. *Id*. He claims his due process rights were violated by the delayed rejection decision concerning the book, *Brian Froud's World of Faerie (The World of Faerie)*. *Id*. at 6. He further alleges the rejection decision violated his First Amendment right to freedom of expression. *Id*. at 7. In the present motion, Plaintiff seeks injunctive relief to prevent Defendants from violating his and other inmates' constitutional rights, and to require Defendants to comply with Department of Corrections ("DOC") mailroom policy regarding review of publications sent to inmates. ECF No. 20.

## DISCUSSION

### I.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a temporary restraining order in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council,*

*Inc.*, 555 U.S. 7, 24 (2008).

To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20; *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another."). "[T]he district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986). In the same vein, the court's factual findings and legal conclusions are "not binding at trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The moving party bears the burden of persuasion and must make a clear showing of entitlement to relief. *Winter*, 555 U.S. at 22.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER OR PRELIMINARY INJUNCTION ~ 3

### A. Plaintiff's Claims on Behalf of Others

Defendants challenge Plaintiff's ability to bring claims on behalf of others. ECF No. 31 at 5. "It is well established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Courts routinely reject *pro se* plaintiffs' attempts to bring claims on behalf of others in a representative capacity. *Id*. (collecting cases). Plaintiff appears to seek injunctive relief on behalf of himself and "others of the inmate population" with respect to DOC's review process for mailed publications. ECF No. 20 at 14; *see also* ECF No. 21-1. Plaintiff may seek relief only as to himself. Any claims or requests for relief asserted on behalf of others are denied and dismissed.

### B. Claims Asserted Outside the First Amended Complaint

Defendants argue Plaintiff's injunctive relief is premised on claims not asserted in the First Amended Complaint. ECF No. 31 at 5–6. The First Amended Complaint alleges Defendants violated Plaintiff's constitutional rights by delaying and ultimately denying delivery of a single book sent to Plaintiff. ECF No. 18 at 4–13. However, Plaintiff's motion for injunctive relief lists several additional instances in which Defendants allegedly withheld books sent Plaintiff. ECF No. 21 at 3, ¶ 10, at 4, ¶ 13, at 5, ¶ 16, at 6, ¶ 21, at 7, ¶ 27. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION ~ 4

the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Consequently, the Court cannot grant injunctive relief as to any book withholdings other than the book listed in the First Amended Complaint, specifically, *Brian Froud's World of Faerie (The World of Faerie)*.

### C. Prison Litigation Reform Act

Defendants argue the relief Plaintiff seeks is overly broad and would violate the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a)(1)(A). The First Amended Complaint appears to seek an injunction that would impose oversight and monitoring of DOC mailroom procedures over the course of 10 years. ECF No. 20 at 14–16.

The PLRA authorizes preliminary injunctive relief that is narrowly drawn, extends no further than necessary to correct the harm, and is the least intrusive means necessary. 18 U.S.C. § 3626(a)(1)–(2). Here, Plaintiff seeks broad injunctive relief for a single incident in which DOC mailroom staff allegedly withheld a book sent to Plaintiff. District courts are cautioned against becoming "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362 (1996). A 10-year long injunction imposing oversight and monitoring requirements would be a significant intrusion into DOC's operations. The Court

finds the injunctive relief Plaintiff seeks is overly broad and inappropriate under the PLRA.

### D. Irreparable Harm

Defendants assert Plaintiff has failed to allege any irreparable harm. ECF No. 31 at 6. The First Amended Complaint alleges Plaintiff has suffered mental distress and "stunt[ed] . . . growth as a professional illustrator" due to DOC's withholding of the book sent to Plaintiff. ECF No. 18 at 9.

"Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). "[I]ntangible injuries . . . qualify as irreparable harm." *Rent-A-Car, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Here, beyond generalized claims of mental and professional harm, Plaintiff offers no facts or evidence, in either the First Amended Complaint or the present motion, to show he has suffered irreparable harm. *See* ECF Nos. 18 at 4–9; 20 at 3–6. Consequently, Plaintiff has failed to establish the first element necessary for injunctive relief; the Court need not reach the remaining requirements. Plaintiff has failed to demonstrate he is entitled to a temporary restraining order or a preliminary injunction.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION ~ 6

1  **ACCORDINGLY, IT IS HEREBY ORDERED:**

2  Plaintiff's Motion for Temporary Restraining Order or Preliminary

3  Injunction (ECF No. 20) is **DENIED**.

4  The District Court Executive is directed to enter this Order and furnish

5  copies to counsel.

6  DATED March 15, 2022.



THOMAS O. RICE
United States District Judge