Case 2:21-cv-00278-TOR    ECF No. 102    filed 02/07/23    PageID.1674    Page 1 of 11

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEAN KYLE MARTIN,<br><br>      Plaintiff,<br><br>  v.<br><br>HUGO FERNANDEZ CADENA, Mailroom Employee, BONNIE M. LONGINO, Mailroom Employee, TRACY SCHNEIDER, HQ Correctional Manager, and CHARLOTTE HEADLEY, Chief of Security,<br><br>      Defendants. | NO. 2:21-CV-0278-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Defendants' Motion for Summary Judgment, ECF No. 75, and Plaintiff's Motion for Summary Judgment, ECF No. 81.  These matters were submitted for consideration without oral argument.  The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment is **granted** and Plaintiff's Motion for Summary Judgment is **denied**.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

# DISCUSSION

## 1. Background Facts

Plaintiff brings this 42 U.S.C. § 1983 suit against employees of the Airway Heights Correctional Center for alleged violations of his First and Fourteenth Amendment rights. Plaintiff contends that the Defendants violated his rights when they delayed five publications that were sent to him and denied delivery of three of those publications. Plaintiff seeks damages, a declaratory judgment and injunctive relief.

## 2. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248.  Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id*.  The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### 3. Section 1983

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988).  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, a prison may adopt regulations or practices that impinge on a prisoner's First Amendment rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). As the Ninth Circuit stated, "[t]he starting point for our analysis is *Turner v. Safley*, 482 U.S. 78, [ ] (1987), in which the Supreme Court established the framework by which we review the constitutionality of prison rules that impinge on inmates' constitutional rights. That framework is highly deferential, and it often requires us to uphold rules that, in contexts not involving prisons, would plainly violate the First Amendment." *Prison Legal News v. Ryan*, 39 F.4th 1121, 1128 (9th Cir. 2022).

In *Turner*, as in many previous cases, the Court recognized that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Id*. (quoting *Turner*, 482 U.S. at 84).  Instead, an inmate retains rights "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Id*. (citations omitted).  At the same time, the Court recognized that the administration of prisons is a "difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government," and therefore "separation of powers concerns counsel a policy of judicial restraint." *Id*. (citing *Turner*, 482 U.S. at 84–85).

Based on those considerations, the Supreme Court set forth a deferential, four-factor test for evaluating whether prison regulations are constitutional. *Turner*, 482 U.S. at 89–91.  The Ninth Circuit articulated those factors as follows:

> [W]hether there is a valid, rational connection between the policy and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) whether the impact of accommodating the asserted constitutional right will have a significant negative impact on prison guards, other inmates and the allocation of prison resources generally; and (4) whether the policy is an "exaggerated response" to the jail's concerns.

*Prison Legal News*, 39 F.4th at 1128–29 (quoting *Mauro v. Arpaio*, 188 F.3d 1054, 1058–59 (9th Cir. 1999) (*en banc*)).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

In the years since *Turner*, the courts of appeal have applied its test to uphold the constitutionality of prison rules that restrict the ingress and possession of sexually explicit materials. *See, e.g., Mauro*, 188 F.3d at 1057 (upholding ban on materials that show "frontal nudity"); *Bahrampour v. Lampert*, 356 F.3d 969, 972 (9th Cir. 2004) (upholding ban on mail containing sexually explicit material, including "portrayals of certain actual or simulated sexual acts"); *Frost v. Symington*, 197 F.3d 348, 357–58 (9th Cir. 1999) (upholding ban on explicit depictions of certain sexual acts); *Amatel v. Reno*, 156 F.3d 192, 194 (D.C. Cir. 1998) (upholding ban on distribution of material that is "sexually explicit or features nudity"); s*ee also, Prison Legal News*, 39 F.4th at 1129.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Generally, the minimum procedural due process requirements for rejected incoming mail are (1) notifying the incarcerated individual that the mail was seized, (2) allowing the incarcerated individual a reasonable opportunity to protest the decision, and (3) referring any complaints to a prison official other than the one who seized the mail. *Procunier v. Martinez*, 416 U.S. 396, 418–19 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. 401); *Krug v. Lutz*, 329 F.3d 692, 698 (9th Cir. 2003).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

1   A temporary delay in the delivery of mail resulting from a prison's security
2   inspection does not violate a prisoner's First Amendment rights. *Crofton v. Roe*,
3   170 F.3d 957, 961 (9th Cir. 1999).

4   **4. Five Publications Sent to Plaintiff**

5   Two publications Plaintiff complains about are *Emanon* and *Brian Froud's*
6   *The World of Faerie*. Both these publications contain drawings of nude minors
7   and were rejected for delivery by the prison. Plaintiff has shown no legitimate
8   reason these sexually explicit publications containing nude drawings of minors
9   should have been allowed in the prison. Applying the *Turner* factors shows that
10  Plaintiff's First and Fourteenth Amendment rights have not been violated.
11  Defendants are entitled to summary judgment concerning these publications.

12  Next, the publication *Figure Drawing Studio* was rejected because that book
13  contained a CD enclosed in a pouch glued to the back of the book cover. While
14  the CD could be removed from the book, the pouch itself could not be removed
15  and if it were left in the book, it could be used to hide contraband and presents a
16  security risk to the facility. Plaintiff contends the pouch could have merely been
17  torn from the book. However, prison authorities are not permitted to destroy
18  Plaintiff's property by modifying it or altering it. Also, the Department has a
19  policy of rejecting altered property and publications as rationally related to facility
20  safety and security. Considering the *Turner* factors, Defendants are entitled to

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 7

1  summary judgment concerning this publication.  Plaintiff has not met his burden to
2  overcome the rational policy judgment of the regulations.
3       Finally, two other publications were ultimately delivered to Plaintiff,
4  *Dynamic Figure Drawing* and *The Figurative Artists Handbook*.  Because these
5  publications went through the screening process and were ultimately delivered to
6  Plaintiff, he has no First Amendment claim.  Defendants are entitled to summary
7  judgment concerning these two publications.
8       Plaintiff also contends that he was deprived of his due process rights,
9  primarily because of the delay between delivery and notification to him.  For each
10 of the publications, Plaintiff was notified, and the screening and appeal process
11 took place.  Plaintiff contends the Defendants did not follow the strict time
12 requirements of its own policy when screening these publications.  However, the
13 prison's policy does not create a Constitutional standard by which Defendants
14 would be liable.  *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).
15 Plaintiff must show his Constitutional rights were violated, not a Department
16 policy.  Furthermore, the Department has satisfactorily explained why the delays
17 occurred: short staffed, COVID-19, illnesses, transfer of duties, and the time it
18 takes to review these publications.  Plaintiff speculates, without any proof, that the
19 delays were purposeful.  Speculation does not create a genuine issue of fact.
20

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 8

### 5. Qualified Immunity

Qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). In evaluating a state actor's assertion of qualified immunity, a court must determine: (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation such that a reasonable person in the defendant's position would have understood that his actions violated that right. *See Saucier v. Katz,* 533 U.S. 194, 201–02 (2001) (*receded from in Pearson,* 555 U.S. 223 (holding that while *Saucier's* two step sequence for resolving government official's qualified immunity claims is often appropriate, courts may exercise their sound discretion in deciding which of the two prongs should be addressed first)). If the answer to either inquiry is "no," then the defendant is entitled to qualified immunity and may not be held personally liable for his or her conduct. *Glenn v. Washington Cty.,* 673 F.3d 864, 870 (9th Cir. 2011).

The second prong of the *Saucier* analysis must be "undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "Only when an officer's conduct violates a clearly

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9

established constitutional right – when the officer should have known he was violating the Constitution – does he forfeit qualified immunity." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915 (9th Cir. 2012).

While the Court finds there has been no Constitutional violation based on the undisputed relevant facts, even if there was, the officers would be entitled to qualified immunity. Three publications were rejected for valid reasons. Two publications were delivered. No controlling Ninth Circuit or Supreme Court authority has clearly set forth a precise time period by which a publication decision must be made so as not to violate the Constitutional due process requirement. In any event, Plaintiff received notice and the appeal process followed. Accordingly, all Defendants are entitled to qualified immunity.

**6. Damages**

Because there are no Constitutional violations, no damages can be awarded.

**7. Declaratory Judgment and Injunction**

Because there are no Constitutional violations, no declaratory judgment or injunction may be awarded.

**8. Revocation of In Forma Pauperis Status**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10

individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff seeks to pursue an appeal, he must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 75, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 81, is **DENIED**.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is directed to enter this Order and Judgment in favor of Defendants, furnish copies to the parties, and **CLOSE** the file.

DATED February 7, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11